IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTIAN A. KEITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-2673-N (BF) |
| | § | |
| SHERIFF JOHNNY BROWN, et al., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), and an Order of Reference from the District Court, this case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendants Sheriff Johnny Brown, Captain Terry Ogden, Lt. Roy Callender (incorrectly spelled as "Callendar" in Plaintiff's Complaint), and Lt. Tommie Eberhart's (collectively referred to as "Defendants") Rule 12(b)(1) and 12(b)(6) Motion to Dismiss and Supporting Brief (doc. 16, "Motion to Dismiss"). Plaintiff Christian A. Keith ("Plaintiff") failed to file a response, and the time to do so has expired. For the following reasons, this Court recommends that the District Court GRANT the Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(1).

## Background

Plaintiff, a state prisoner, filed his Complaint in federal court on August 6, 2012, seeking a preliminary injunction or a declaratory judgment that he be granted reasonable access to the law library located at the Ellis County Jail. (Pl.'s Compl. at 4, 6.) In his Complaint, Plaintiff alleges that various county jail officials denied him access to the law library. (*Id.* at 3.) He further explains that he needs access to the law library because he is representing himself as a *pro se* criminal defendant

in Cause No. 1210039 in the Ellis County Court at Law No. 2. (*Id.* at 6, 8.) Plaintiff avers that he has "a fundamental Constitutional right to use the court system . . . [which] is based on the first, Fith, [sic] and Fourteenth Amendments to the constitution." (*Id.*) Plaintiff further asserts that he has "a Sixth amendment right to counsel" and he is "acting Pro Se in this criminal matter." (*Id.* at 7.) Plaintiff alleges irreparable harm in being denied reasonable access to the law library because he cannot file motions or adequately defend himself in the criminal matter. (*Id.*)

## **Standard of Review**

The federal courts' jurisdiction is limited, and federal courts only have the power to decide actual cases or controversies. U.S. CONST. art. III, § 2; *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714-15 (5th Cir. 2012). "The justiciability doctrines of standing, mootness, political question, and ripeness all originate in Article III's case or controversy language." *Choice Inc. of Tex.*, 691 F.3d at 715 (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)) (internal quotation marks omitted). A case becomes moot and is, thus, no longer an actual case or controversy "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (quoting *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013)) (internal quotation marks omitted). "It is not enough that a dispute was very much alive when suit was filed; the parties must continue to have a personal stake in the ultimate disposition of the lawsuit." *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)) (internal alterations and quotations marks omitted). A case is not moot, however, when the parties continue to have an interest, regardless of how small, in the outcome of the litigation. *Id.* (quoting *Knox v. Service Employees*, 132 S. Ct. 2277, 2287 (2012)).

**Analysis**

In his Complaint, Plaintiff seeks injunctive and declaratory relief in that he be given reasonable access to the law library at the Ellis County Jail so he may defend himself in his criminal case. When Plaintiff filed his Complaint in August 2012, he was being housed at the Ellis County Jail and he was facing criminal charges in Cause No. 1210039. However, on September 18, 2012, Cause No. 1210039 was disposed of by the Ellis County Court at Law No. 2. Moreover, on November 14, 2012, Plaintiff filed a change of address with the Court, indicating that he had been transferred to the Joe F. Gurney Unit at 1385 FM 3328, Tennessee Colony, TX 75861. (Doc. 22.) Subsequently, Plaintiff filed another change of address with the Court, providing notice that he had been transferred to the Choice Moore Unit, 1700 N. FM 87, Bonham, TX 75418. (Doc. 26.) The Choice Moore Unit is the last known address for Plaintiff. Plaintiff is no longer being housed at the Ellis County Jail.

It is well established in the Fifth Circuit that "[t]he transfer of a prisoner out of an institution often will render his claims for injunctive relief moot." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam) (plaintiff's suit challenging parole procedures was rendered moot upon his release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir. 1991) (per curiam) (holding that prisoner's claims for injunctive relief became moot when prisoner was transferred out of offending institution into another prison)). The Fifth Circuit has also held that a prisoner's claims for declaratory relief are rendered moot if the prisoner is transferred from the offending institution or if the program at issue is eliminated. *See Carter v. Hubert*, 452 F. App'x 477, 479 (5th Cir. 2011) ("[B]ecause the program at issue had been

3

eliminated and [plaintiff] was no longer housed in the same prison unit, the district court did not err in determining that [plaintiff's] requests for injunctive and declaratory relief were moot."); *Herman v. Holiday,* 238 F.3d 660, 665 (5th Cir. 2001) (holding that transfer from prison unit rendered a prisoner's claims for declaratory and injunctive relief moot).

Here, Plaintiff has been transferred from the offending institution, the Ellis County Jail. Additionally, Plaintiff's criminal case, for which he sought access to the Ellis County Jail's law library, has been resolved. Moreover, Plaintiff has failed to show that there is a "demonstrated probability" that he would again be housed in the Ellis County Jail. The party invoking the court's jurisdiction, and not the party moving for dismissal, bears the burden of establishing the existence of federal subject matter jurisdiction. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992); *In re Eckstein Marine Serv.,* 672 F.3d 310, 314 (5th Cir.2012). Plaintiff's claims for injunctive and declaratory relief are now rendered moot, as Plaintiff no longer has a personal stake in the outcome of this lawsuit. This Court, therefore, lacks subject matter jurisdiction over his claims. Because the Court lacks subject matter jurisdiction over Plaintiff's Complaint, the Court need not address Defendants' remaining arguments. Plaintiff's Complaint should be dismissed with prejudice.

## Recommendation

For the foregoing reasons, the Court recommends that the District Court **GRANT** Defendants' Motion to Dismiss (doc. 16) and dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction over the action.

SO RECOMMENDED, May 2, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).