## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTIAN A. KEITH,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:12-CV-2673-N (BF)** |
| | § | |
| **SHERIFF JOHNNY BROWN, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Title 28, United States Code, Section 636(b), and an Order of Reference from the District Court [D.E. 14], this case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendants Sheriff Johnny Brown ("Sheriff Brown"), Captain Terry Ogden ("Captain Ogden"), Lieutenant Roy Callender ("Lieutenant Callender"), and Lieutenant Tommie Eberhart's ("Lieutenant Eberhart") (collectively, "Defendants") Motion to Dismiss and Alternative Answer and Affirmative Defenses ("Motion to Dismiss Amended Complaint") [D.E. 35], filed on July 24, 2013. Plaintiff Christian A. Keith ("Plaintiff") failed to file a response, and the time to do so has expired. For the following reasons, the undersigned recommends that the Court GRANT Defendants' Motion to Dismiss Amended Complaint and dismiss Plaintiff's Amended Complaint with prejudice.

### BACKGROUND

On August 6, 2012, Plaintiff, a state prisoner, filed his Complaint in federal court under Title 42, United States Code, Section 1983 ("Section 1983") seeking a preliminary injunction or a declaratory judgment which allows him reasonable access to the law library located at the Ellis

County Jail. Compl. [D.E. 3 at 4, 6-9]. On May 2, 2013, the undersigned entered findings recommending that the Court dismiss the case for lack of subject matter jurisdiction, because Plaintiff's requested relief was moot in that Plaintiff was no longer housed at the Ellis County Jail. Findings, Conclusions & Recommendation [D.E. 28 at 3-4]. Subsequently, however, Plaintiff requested, and was granted, leave to amend his Complaint by the Court. Order [D.E. 33]. Accordingly, Plaintiff filed an Amended Complaint which sought damages, thus, rectifying the jurisdictional issues previously addressed by the Court. Am. Compl. [D.E. 34]. The Court, therefore, vacated the respective findings [D.E. 39], and Defendants' Motion to Dismiss Plaintiff's Amended Complaint is now before the Court for consideration [D.E. 35].

In his Amended Complaint, Plaintiff alleges that Defendants denied him access to the law library. Am. Compl. [D.E. 34 at 3]. He additionally contends that Lieutenant Callender never answered his grievances and prevented his viewing of the evidence with his attorney. *Id.* [D.E. 34 at 3]. Plaintiff further contends that, because he was denied access to the law library, he was forced to accept the representation of an unwanted and legally ineffective attorney. *Id.* [D.E. 34 at 4]. Plaintiff further claims that Defendants allowed the district attorney's office to change the jail policy and schedule which restricted his access to legal materials. *Id.* [D.E. 34 at 4]. He also alleges that Defendants discouraged him from using the law library by placing additional restrictive conditions on him such as leg irons and shock devices. *Id.* [D.E. 34 at 4]. Plaintiff contends that as a consequence of Defendants' allegedly unconstitutional conduct, he lost his three felony cases. *Id.* [D.E. 34 at 4]. Plaintiff seeks $50,000 in compensatory damages, $5,000 in punitive damages, and a declaratory judgment. *Id.* [D.E. 34 at 4].

2

## STANDARD OF REVIEW

While the court is to liberally construe the pleadings of *pro se* litigants, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)). Federal Rule of Civil Procedure 8(a)(2) ("Rule 8(a)(2)") provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although the complaint does not need to have detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 U.S. at 555. A defendant may seek a dismissal under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *Ashcroft*, 556 U.S. at 678.

A court may not dismiss a complaint under Rule 12(b)(6) unless the complaint, when viewed in a light most favorable to the plaintiff, fails to state a valid claim for relief. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). In considering a Rule 12(b)(6) motion to dismiss, a court takes as true all facts pleaded in the complaint, even if they are doubtful in fact. *See Collins*,

224 F.3d at 498 (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)); *Twombly*, 550 U.S. at 555-56. The court, at this juncture, does not evaluate a plaintiff's likelihood of success, but only determines whether a plaintiff has stated a legally cognizable claim. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Further, in resolving the Rule 12(b)(6) controversy, a court does not look beyond the face of the pleadings, which includes the complaint and anything attached to it. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Collins*, 224 F.3d at 498.

## ANALYSIS

In their Motion to Dismiss Amended Complaint, Defendants contend that Plaintiff failed to state a claim upon which relief can be granted because (1) Plaintiff's Amended Complaint fails to state a constitutional violation; (2) Plaintiff's Amended Complaint is barred by the rule set out in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994); and (3) Defendants are entitled to qualified immunity. Mot. to Dismiss Am. Compl. [D.E. 35 at 2-7]. The undersigned agrees.

### (1) Failure to State Constitutional Violation

Plaintiff's Amended Complaint fails to allege facts sufficient to demonstrate that his constitutional rights have been violated. Plaintiff's Section 1983 action is premised upon the Defendants denying Plaintiff access to the prison law library. *See* Am. Compl. [D.E. 34 at 3-4]. However, Plaintiff concedes that he had the representation of court-appointed counsel. *See id.* [D.E. 34 at 4]. Therefore, any denial of access to the prison law library does not constitute a violation of his constitutional right of access to the courts. The United States Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law

libraries <u>or</u> adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828

(1977) (emphasis added). Further, the Fifth Circuit has stated that the constitutional right of access

to the courts is satisfied through the offer of assistance of counsel to a defendant. *Degrate v. Godwin*,

84 F.3d 768, 769 (5th Cir. 1996) (citing *United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir.

1978)). In *Degrate*, the Fifth Circuit held that where the defendant rejects the assistance of court-

appointed counsel, he had no constitutional right to access a law library in preparing the *pro se*

defense of his criminal trial. *See Degrate*, 84 F.3d at 769. In the case at hand, given that Plaintiff had

the benefit of court-appointed counsel, any alleged denial of access to the law library by the

Defendants does not violate Plaintiff's constitutional right of access to the Courts under the guidance

of *Bounds* and *Degrate*. Therefore, Plaintiff failed to state a claim for this reason.

## (2) Barred by *Heck v. Humphrey*

"It is well settled under *Heck* that when an individual [] brings a section 1983 claim . . . , the

district court must first consider whether a judgment in favor of the plaintiff would necessarily imply

the invalidity of his conviction or sentence." *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008)

(quoting *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000); *Heck v. Humphrey*, 512 U.S. 477,

487 (1994)) (internal quotations omitted). If a judgment in favor of a plaintiff on the Section 1983

claim would imply the invalidity of the plaintiff's underlying conviction or sentence, the Section

1983 claim is barred unless the plaintiff "proves that his 'conviction or sentence has been reversed

on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

make such determination, or called into question by a federal court's issuance of a writ of habeas

corpus.'" *Connors*, 538 F.3d at 376 (quoting *Heck*, 512 U.S. at 487).

Here, Plaintiff claims that the Defendants' unconstitutional conduct caused him to lose his

three felony cases. *See* Am. Compl. [D.E. 34 at 4.] However, Plaintiff does not allege that such convictions have been "'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *See Connors*, 538 F.3d at 376 (quoting *Heck*, 512 U.S. at 487). Therefore, Plaintiff's Section 1983 claim is barred by the rule set out in *Heck*, and Plaintiff also fails to state a claim for this reason.

(3) <u>Entitlement to Qualified Immunity</u>

A government employee may assert the affirmative defense of qualified immunity to a suit for a constitutional violation under Section 1983. *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992). Qualified immunity protects government officials performing discretionary functions from suit and liability for civil damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Immunity questions should be resolved at the earliest possible stage in the litigation because qualified immunity extends to immunity from suit, not merely defense from liability. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Whether the conduct which the plaintiff complains of violated clearly established law is essentially a legal question. *White,* 959 F.2d at 544.

A court considering whether a defendant is entitled to qualified immunity conducts a bifurcated inquiry. *See Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004). The initial inquiry entails a court's consideration of whether the facts alleged, taken in a light most favorable to the plaintiff, show a violation of a constitutional right. *See Scott v. Harris*, 550 U.S. 372, 377 (2007).

Case 3:12-cv-02673-N-BF   Document 42   Filed 02/05/14   Page 7 of 9   PageID 167


If the court finds such a violation, the court then determines whether the constitutional right was clearly established. *Id.* In determining whether the constitutional right was clearly established, the court considers whether a reasonable official would understand that his conduct violates that right. *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008). Current law applies in determining whether the constitutional violation exists, but the law at the time of the incident applies to the question of whether the right was clearly established; therefore, two different tests may be applicable in a given case. *See Bush v. Strain*, 513 F.3d 492, 500 (5th Cir. 2008).

Once the defense of qualified immunity is properly raised, the plaintiff has the burden to negate the defense. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). "The defendant official must initially plead his good faith and establish that he was acting within the scope of his discretionary authority." *Bazan ex rel. Bazan v. Hidalgo County,* 246 F.3d 481, 489 (5th Cir. 2001). Once this is done, the burden shifts to the plaintiff to rebut the qualified immunity defense by establishing that the conduct violated clearly established law. *Id.*

In this case, Defendants properly raised the issue of their qualified immunity; therefore, the burden of negating that defense lies with Plaintiff. *See id.* at 489. However, Plaintiff's Amended Complaint does not allege that clearly established Constitutional rights were violated. As previously discussed, Plaintiff failed to allege facts sufficient to demonstrate that any constitutional right was violated. Therefore, Defendants' Motion to Dismiss Amended Complaint should also be granted for this reason.

## **<u>RECOMMENDATION</u>**

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Defendants' Motion to Dismiss Amended Complaint [D.E. 35] and dismiss Plaintiff's Amended Complaint with prejudice pursuant to Rule 12(b)(6).

**SO RECOMMENDED**, this 5th day of February, 2014.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

9

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).